EDMUND P. WAIT *vs.* JOHN P. CHANDLER.

*Evidence to impeach a note.*

Evidence to impeach a promissory note in the hands of a *bona fide* purchaser for value, before maturity and without notice, is inadmissible.

ON EXCEPTIONS.

ASSUMPSIT to recover the amount of two promissory notes given by the defendant to Olney & Greene, payable to them or bearer.

The plaintiff proved, by his own deposition, that he became the holder of said notes in the due course of business before the notes were due, without any knowledge of the consideration for which they were given, and that he paid a valuable consideration for the notes.

The defendant offered a writing given to him by the payees, Olney & Greene, at the same time the notes were given, and as a part of the consideration and contract, that the defendant was not to pay said notes until he could realize from the sale of a certain patent hay-fork, money sufficient to pay said notes, and offered to prove that said notes were obtained by fraudulent representations, and that he had been unable to realize anything from the sale of the hay-forks.

The presiding justice found, as matter of fact, that the plaintiff was a *bona fide* holder of the notes in suit, and ruled, as matter of law, that the writing and evidence offered were inadmissible as against the plaintiff, without notice of its existence at the time he bought, and ordered judgment for the plaintiff.

To the ruling of the court the defendant excepts.

*Robert Goodenow,* for the defendant.

*Samuel Belcher,* for the plaintiff.

WALTON, J. An action on a negotiable promissory note, brought

by a *bona fide* holder, cannot be successfully defended upon the ground that the payee obtained the note by fraudulent representations; nor upon the ground that by a separate writing it was agreed at the time the note was given that the maker should not be required to pay it until he could realize from the sale of certain property named money sufficient for that purpose. Evidence of these facts, in such a suit, is not therefore admissible, for the reason that the facts themselves, if proved, would constitute no defence. Such was the ruling in this case, and we think it was correct. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.